IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM DARLING,

        Plaintiff,

vs.                                    Case No. 12-1013-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

        Defendant.


MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).   At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).   The Commissioner meets this burden if the decision is supported by substantial evidence.  Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II.  History of case

On August 13, 2010, administrative law judge (ALJ) James Harty issued his decision (R. at 11-18).  Plaintiff alleges that he has been disabled since May 1, 2007 (R. at 11).  Plaintiff is insured for disability insurance benefits through September 30, 2012 (R. at 13).  At step one, the ALJ found that plaintiff has

not engaged in substantial gainful activity since plaintiff's alleged onset date (R. at 13).  At step two, the ALJ found that plaintiff had the following severe impairments:  vision loss, left eye; Bechet's disease; osteoporosis; hernia; and petallofemoral syndrome, right knee (R. at 13).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 13).  After determining plaintiff's RFC (R. at 14), the ALJ determined at step four that plaintiff is unable to perform any past relevant work (R. at 16).  At step five, the ALJ determined that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 17-18).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 18).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence."  The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.  The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted.  SSR 96-8p,

1996 WL 374184 at *7.  SSR rulings are binding on an ALJ.  20
C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530
n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); Nielson
v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  When the ALJ
fails to provide a narrative discussion describing how the
evidence supports each conclusion, citing to specific medical
facts and nonmedical evidence, the court will conclude that his
RFC conclusions are not supported by substantial evidence.  See
Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. July
28, 2003).  The ALJ's decision must be sufficiently articulated
so that it is capable of meaningful review; the ALJ is charged
with carefully considering all of the relevant evidence and
linking his findings to specific evidence.  Spicer v. Barnhart,
64 Fed. Appx. 173, 177-178 (10th Cir. May 5, 2003).  It is
insufficient for the ALJ to only generally discuss the evidence,
but fail to relate that evidence to his conclusions.  Cruse v.
U.S. Dept. of Health & Human Services, 49 F.3d 614, 618 (10th
Cir. 1995).  When the ALJ has failed to comply with SSR 96-8p
because he has not linked his RFC determination with specific
evidence in the record, the court cannot adequately assess
whether relevant evidence supports the ALJ's RFC determination.
Such bare conclusions are beyond meaningful judicial review.
Brown v. Commissioner of the Social Security Administration, 245
F. Supp.2d 1175, 1187 (D. Kan. 2003).

The ALJ made the following RFC findings:

> …the undersigned finds that the claimant has
> the residual functional capacity to perform
> sedentary work as defined in 20 CFR
> 404.1567(b) and 416.967(b) except the
> claimant can do no more than occasional
> postural maneuvers, such as balancing and
> climbing ramps and stairs.  The claimant
> must avoid climbing ladders, ropes and
> scaffolds.  He is limited to occupations,
> which can be performed with vision only in
> the right eye, which provides near and far
> acuity and peripheral vision on the right
> side. In addition, the claimant is limited
> to occupations that do not require exposure
> to dangerous machinery and unprotected
> heights.

(R. at 14).

The record only contains one medical opinion regarding plaintiff's RFC.  A state agency physical RFC assessment was prepared on May 8, 2009, and was affirmed by Dr. Siemsen, a non-examining physician, on October 26, 2009 based on a review of the medical records (R. at 317-324, 339).  This assessment indicated that plaintiff could occasionally lift 50 pounds, and frequently lift 25 pounds.  It further indicated that plaintiff could stand/walk for 6 hours and sit for 6 hours in an 8 hour workday (R. at 318).  It stated that plaintiff could never climb ladders, ropes, or scaffolds, and that plaintiff could occasionally climb ramps/stairs, and could occasionally balance (R. at 319).  It found that plaintiff was limited in far acuity, depth perception and field of vision (R. at 320).  It also

states that plaintiff should avoid all exposure to hazards (R. at 321).

The ALJ noted this opinion, but found that the evidence and testimony indicated that plaintiff is more limited, and that plaintiff's RFC is more restrictive than that opined by Dr. Siemsen (R. at 16).  The ALJ also referenced several medical reports regarding plaintiff's vision, including a report of April 14, 2009 that plaintiff was blind in the left eye and had 20/50 vision in his right eye (R. at 15, 305, 306), a report from May 5, 2009 that perimeter visual field testing in the right eye was normal, but that plaintiff had a visual field efficiency of 45% in the left eye (R. at 15, 309), and a report from May 10, 2010 that plaintiff had a full field of vision in the right eye, and mild constriction in the left eye (R. at 15, 362).

Plaintiff argues that the ALJ erred by failing to specify what medical evidence he relied on in making his RFC findings given that the ALJ's RFC findings were more restrictive than the those in the state agency assessment.[1]  Although the lack of analysis accompanying the ALJ's RFC is troubling, none of the record medical evidence conflicts with the ALJ's RFC findings. When the ALJ does not need to reject or weigh evidence

---

[1] The ALJ's RFC findings followed the state agency RFC assessment regarding postural, visual and environmental limitations.  As for exertional limitations, the ALJ limited plaintiff to sedentary work, which is more restrictive than the exertional limitations contained in the state agency assessment (R. at 14, 318-321; 20 C.F.R. § 404.1567).

unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened.  Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004).

The ALJ made RFC findings which are more restrictive than the opinions expressed by Dr. Siemsen.  No medical opinion in the record sets forth restrictions which the ALJ did not include in his RFC findings.[2]  Because any additional limitation works in plaintiff's favor, there is no error.  See Mounts v. Astrue, 2012 WL 1609056 at *8 n.2 (10th Cir. May 9, 2012)(Claimant complained that there was no evidence to support limitation imposed by ALJ; court held that because this additional limitation worked to claimant's benefit, the court declined to address the argument).  Furthermore, there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question.  Chapo v. Astrue, 682 F.3d 1288-1289 (10th Cir. June 26, 2012).  For these reasons, the court finds that the ALJ's RFC findings are supported by substantial evidence.

**IV.  Are the ALJ's credibility findings supported by substantial evidence?**

---

[2] Plaintiff argues that the ALJ did not include a limitation in depth perception (Doc. 11 at 13).  Dr. Siemsen's assessment stated that plaintiff had a limitation in depth perception (R. at 320).  Although the ALJ's RFC did not include a limitation in depth perception (R. at 14), the ALJ's hypothetical question included a limitation in depth perception (R. at 49).  Therefore, the vocational expert considered this limitation when offering opinions regarding what work plaintiff could perform.  Furthermore, the Dictionary of Occupational Titles indicates that depth perception in not required for any of the three jobs identified by the VE and found by the ALJ as jobs that plaintiff could perform.  See 1991 WL 672349, 671794, 672194.  For these reasons, the failure to include this limitation in the RFC findings is harmless error.

Credibility determinations are peculiarly the province of
the finder of fact, and a court will not upset such
determinations when supported by substantial evidence.  However,
findings as to credibility should be closely and affirmatively
linked to substantial evidence and not just a conclusion in the
guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th
Cir. 1995).  Furthermore, the ALJ cannot ignore evidence
favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413,
1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require
a formalistic factor-by-factor recitation of the evidence.  So
long as the ALJ sets forth the specific evidence he relies on in
evaluating the claimant's credibility, the ALJ will be deemed to
have satisfied the requirements set forth in Kepler.  White v.
Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel,
206 F.3d 1368, 1372 (10th Cir. 2000).  Furthermore, the ALJ need
not discuss every relevant factor in evaluating pain testimony.
Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002).  An
ALJ must therefore explain and support with substantial evidence
which part(s) of claimant's testimony he did not believe and
why.  McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir.
2002).  It is error for the ALJ to use standard boilerplate
language which fails to set forth the specific evidence the ALJ
considered in determining that a claimant's complaints were not

credible.  Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  White, 287 F.3d at 909-910.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo.  Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ discussed plaintiff's testimony and the medical records in some detail (R. at 14-16).  This included a report

from an optometrist, Dr. Waldie, who indicated on May 5, 2009 that plaintiff indicated that was self-employed, with a home computer business, right eye good, still driving, and no problems with activities of daily living (R. at 16, 314).

As noted above, the ALJ does not need to engage in a formalistic factor-by-factor recitation of the evidence so long as the ALJ sets forth the specific evidence he relied on in evaluating plaintiff's credibility.  Poppa v. Astrue, 569 F.3d 1167, 1171 (10th Cir. 2009); furthermore, the court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  In the case before the court, the ALJ set forth the specific evidence he relied on in evaluating plaintiff's credibility.  Based on the evidence cited by the ALJ, the court finds that the ALJ's credibility findings are reasonable and consistent with the evidence.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 4th day of December, 2012, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge